O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KAVANDI,<br><br>    Plaintiff,<br><br> v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>    Defendant. | Case No. CV 19-1252-CAS(AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all the records herein, and the attached Report and Recommendation of United States Magistrate Judge. After having made a de novo determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. However, the Court addresses Plaintiff's Objections below.

---

[1] Andrew M. Saul, Commissioner of Social Security, is substituted for his predecessor. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

1    Plaintiff, who is proceeding pro se, contends that he never
2 received notice of the change of his disability onset date and that
3 he would have acted "on it immediately" if he had received such
4 notice. (Dkt. No. 29 ("Objections") at 1).[2] As discussed in the
5 Report and Recommendation, Plaintiff's dispute regarding notice of
6 the amendment of his disability onset date is with his attorney
7 and not the Commissioner, given Plaintiff's acknowledgement that
8 the agency received a written request from Plaintiff's counsel to
9 amend his alleged onset date. (Docket No. 28 at 9 n.2). In any
10 event, Plaintiff did not dispute that he timely received a copy of
11 the Notice of Decision or the Notice of Award, both of which were
12 mailed to his home address and informed him that his onset date
13 had been amended, he would not be receiving any past-due benefits,
14 and that any request for review must be submitted within 60 days.
15 (Docket No. 28 at 8-9). Because these documents clearly explained
16 Plaintiff's entitlement to benefits and the need to timely request
17 review, the Appeals Council properly acted within its discretion
18 in finding that Plaintiff had failed to establish good cause for
19 his untimely request for review. Id., at 10.
20
21    Plaintiff also submitted a letter, dated February 27, 2020,
22 from a social worker regarding his need for emotional support
23 animals to assist with his disability, a list of his medications,
24 and a copy of a handicap placard that has been issued to him. (Dkt.
25 No. 29 ("Objections") at 2-4). However, these records are not
26
_____
27    [2]   The Court cites to the Objections and its exhibits as if
   they were consecutively paginated.
28

2

material to the Appeals Council's decision to dismiss Plaintiff's untimely appeal. Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (the new evidence must bear "directly and substantially on the matter" at issue, and there must be a "reasonable possibility that the new evidence would have changed the outcome of the administrative hearing.")(citations omitted).

**IT IS ORDERED** that Judgment shall be entered granting the Commissioner's motion for summary judgment, affirming the decision of the Commissioner, and dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Plaintiff and counsel for Defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 29, 2020

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

3